■ ROBIN PUTNAM-CORDOVANO, Individually and as Administrator of the Estate of ZACHARY P. NYDAHL, Deceased, Respondent, v CSX CORPORATION et al., Appellants, et al., Defendants. [935 NYS2d 518]—

Memorandum: CSX Corporation and CSX Transportation, Inc. (collectively, defendants) contend on appeal that Supreme Court should have granted their motion for a change of venue from Niagara County to Chautauqua County. We reject that contention. "A motion for a change of venue is addressed to the sound discretion of the court and, absent an improvident exercise of discretion, the court's determination will not be disturbed on appeal" (*County of Onondaga v Home Ins. Cos.*, 265 AD2d 896, 896 [1999]; *see 1093 Group, LLC v Canale*, 72 AD3d 1561, 1562-1563 [2010]). In addition, general allegations of inconvenience or difficulty are insufficient to justify a change of venue (*see Mroz v Ace Auto Body & Towing*, 307 AD2d 403 [2003]). Based on the record before us, it cannot be said that the court improvidently exercised its discretion in denying de-

fendants' motion (*see 1093 Group, LLC*, 72 AD3d at 1562-1563; *Stratton v Dueppengiesser*, 281 AD2d 991 [2001]; *see also* CPLR 510 [3]). Present—Scudder, P.J., Centra, Fahey, Carni and Sconiers, JJ.